Mr. Leyh appeals from an order in the U.S. District Court from the Western District of Missouri, in which Mr. Leyh and his law firm were sanctioned pursuant to Federal Rule Civil Procedure 11 and Missouri Rule 5503. The District Court in this case should be reversed. Martin Leigh's sanctioned motion did not comply with the procedural requirements of Rule 11, which is to give a party the right to use the property of a member of the U.S. District Court.  Mr. Leigh did not give the party an opportunity to amend or withdraw an allegedly offensive pleading before he or she may be subject to sanctions. Martin Leigh did not serve its safe harbor letter until after it had been dismissed from the action, leaving Mr. Leigh with no opportunity to amend or withdraw the paper or contention that were asserted against Martin Leigh. I practiced in Minnesota, which the state court had a rule much like this. Where you could serve a complaint without filing it, which allowed you to save attorney's fees for a while. And so when Minnesota, particularly in diversity cases, when this would come up in federal court, you were used to having issues that can arise by the fact that, you know, statute of limitations typically. But if there was one thing that was clear under Minnesota practice, was that when you served but did not file, you satisfied any notice requirement that could possibly be at issue. Why doesn't that apply here? The Minnesota rule or just in general? Well, you don't have any on-point state cases. Indeed, the one that I read that talks about 5503 makes it clear that the district court could have done this under the inherent powers. And that 5503 is interpreted so as to be patterned after Rule 11. Citing favorably leading cases like Chambers. So in my view, this issue is a non-starter. Sure, I understand, Your Honor. Missouri Rule 5503 does have the 30-day safe harbor requirement. But the reason that there aren't a lot of state cases on this is because there haven't been any situations that we could find where the safe harbor period had passed when the motion was filed. The period didn't necessarily pass. You say it's a requirement. You don't get that from the text of the rule. I'm sorry. What's the starting date? Why isn't the starting date the one that when your client was given notice that sanctions were an issue? Correct. Mr. Lay was given notice that the sanctions were at issue on October 5th, 2018. 2017 I'm talking about. 2017. 2017, which was listed in the district court's order that the court declined to vacate. Yeah. Because that was the date that your client was told sanctions are in play, served him a copy of a motion, but didn't file it because it wasn't procedurally timed yet. Right. So the motion for sanctions was served. I call that adequate notice. You can argue to my colleagues. Sure. You don't have any law on this because I looked around. All the law is in support of a reasonable interpretation of that rule if it even necessarily had to apply here. Sure. Well, to just be clear, Mr. Lay was served with the motion for sanctions by Martin Lay on October 5th, 2018. The district court got the date wrong in the sanctions order. And by that date, Martin Lay had already been dismissed from the action. You know, you keep saying as fact what is debatable. Well, you know, it would be under state procedure where you are allowed to serve before you file. And you deliver letter notice with a copy of the motion that you're going to file. A, that's clearly notice. So any withdrawal opportunity was as a practical matter triggered. But B, is it also the start of the 30-day process under 5503 C or D? You don't have any law on that. You can say it. I understand the argument. But to me, it has no support in law or equity. Well, respectfully, the rule provides that a party be given the opportunity to amend or withdraw in light of notice of sanctions before the motion for sanctions is filed. Right? Rule 11 explicitly requires that. And while we don't have any cases in the Eighth Circuit, there have been other cases where this has happened. And the district court found that since the party who was sought sanctions against didn't have an opportunity to fix the problem, it was an untimely motion. All right. Give me a case of that kind. A citation where the state law is as this state law is. You can serve without filing. A case? I'm sorry. Can you repeat that? Well, I want a case from a state that has this particular diversity case from where state law being applied as this non-federal standard. Yeah. Yeah, I understand. I don't have any cases from other states that I can cite to you off the top of my head. I could. Well, here's what the argument is or the question is. Okay. Missouri apparently has a pocket complaint rule. And that is that you can file a complaint in a summons without service or serve it without filing. Right? So you serve it. There's no filing required. And, of course, if there's no filing required, then no answer is actually filed right away. And while it's sitting around in this limbo land. And North Dakota has the same rule. Basically that you serve the complaint but you don't pay the filing fee and you try and settle the case before it actually gets filed. And while it's in that place, no time frame can start to run. Right? And so Judge Loken is asking, is there a state that has this general practice that is applied, Rule 11 and Rule 55.03, in the way that you are advancing? Not that I have on my hand today, Your Honor. But regardless, I think since the motion was given notice under Missouri Rule 5503, which does provide for that 30-day safe harbor day, it's true that Martin Lay did abide by that safe harbor time frame. The problem was Mr. Lay couldn't amend or withdraw that pleading at issue under those rules. And given the contentious nature of this litigation, what is the practical possibility that anything would have been withdrawn? It's a good question, Your Honor. If he had the opportunity to amend or withdraw, it's impossible now to say whether he would have done so. However, you know, Mr. No, it's not. It's very easy to find as a matter of preponderance or clear and convincing evidence. No way this lawyer who was found, the district court had the worst credibility findings I have ever seen as to your client. And I dare say, did he file an affidavit saying I would have withdrawn? No, he did not. No, of course not. He'd been caught doing that too often. It's true that the district court did make that credibility finding and that he wouldn't have changed his actions no matter what. However, as we cite in our brief, there are several cases where courts have dealt with this exact issue and the movement for sanctions said, you know, the party wouldn't have changed their actions no matter what. And those cases in our brief, we talk about it, are the Foley case and the Ritter case. And in both of those cases, the district court said it's not the district court's job to speculate with the benefit of hindsight, to know whether the person being subject to sanctions would have done anything different. So respectfully, the court should note also that Martin Lay never specifically asked Mr. Lay to amend or withdraw that pleading. In fact, the Safe Harbor letter that was sent to him on October 5th, 2018, just explicitly asked that he solve the problem to the firm's satisfaction. So the only thing that he could have done was amend or withdraw the pleading as it pertained to NationStar. And NationStar at no point sought or even joined Martin Lay's motion for sanctions. So at that point, Mr. Lay didn't have a duty or an obligation to do anything with respect to the pleading that actually remained pending in that case. Counsel, you mentioned briefly the district court's order, and I'd like to read from that, from page 50 of the September 2nd, 2021 order. The court says, as for the Safe Harbor letter, Martin Lay served Lay with it on October 5, 2017, just two months into the lawsuit, when almost no work had been done on the case. That's simply factually incorrect, is it not? Absolutely. I think the district court relied on a typographical error in Martin Lay's briefing, and that's why it's so important to understand that the district court's mistake in that order was problematic because the court didn't really consider the fact that Mr. Lay did or did not have an opportunity to amend or withdraw the pleading. And further to your point, Judge Gross, in footnote 11, the district court, I'm sorry, on page 14, the district court noted that Mr. Lay did have an opportunity to amend or withdraw that pleading at issue because it got the date wrong. And that's why we submit. And you think you get around abuse of discretion review with this argument? I think so. And you have no case, of course, for that because the Ray v. Moore case, which does talk about the interplay between 55 and 11, answers the whole question under abuse of discretion review. And if it's abuse of discretion, the mistake was in mischaracterizing it as a service letter rather than a letter giving notice that the motion would be filed when the sanctions and dismissal issues had been ruled on. So it wasn't a mistake. Plenty of notice was given, but it was mischaracterized as a 5503 service letter. Yeah. I mean, that's true that it was characterized as a 5503 notice. And, you know, Martin Lay did give notice to Mr. Lay that sanctions were coming. However, the problem here is that Mr. Lay couldn't do anything about it with respect to the pleading and the allegations asserted in the motion. Now, wait a minute. You say he couldn't have voluntarily dismissed the claim where the motion to dismiss was pending? Well, you mean in the state court? No, in district court. What is the withdrawal that would have made this go away? It would have been to dismiss the fraudulent joinder claim, right? Well, the problem was Martin Lay had already been dismissed from the action. So the only thing- So what was pending? The dismissal of the rest? What was pending was the allegations against NationStar, the other defendant in the case who eventually sought a motion for summary judgment. Why didn't he then file a notice saying there's nothing to withdraw, you've dismissed? You mean why didn't he raise the issue earlier? Yeah, when he got the letter that sanctions were coming. Well, to be fair- Had it already been- had the trustee been dismissed by then? Yeah, Martin Lay had been dismissed when he received notice pursuant to Missouri Rule 5503 and Rule 11. So when he received the safe harbor letter- Correct. Oh, well, maybe there was nothing to withdraw. If there's nothing to withdraw, how does Rule 5503 apply? You mean- Give me a case where withdrawal was impossible, but the 30-day notice was enforced. See, that's the problem. We searched Missouri cases and we couldn't find a situation that has this situation exactly on point, which is why we looked at other federal court cases in other jurisdictions. And did you find one where withdrawal was impossible and the notice was enforced? Absolutely. We sought that in- I talk about it in the brief, but in the Foley case, which is from the Northern District of New York, the case had been dismissed during the safe harbor period, so proper notice was given, and then the case was dismissed, and the defendant sought leave to file the Rule 11 motion after the case had been dismissed, and there the district court said that while this was a procedural anomaly- Rule 11. Right. Federal Rule 11. Right. Which we're not applying here. It doesn't have the 30-day notice. I mean, it has an obligation. It has the 21- It doesn't have a time limit that you could argue it's error of law not to obey. Well, Mr. Lay was- Rule 11, the notice requirement under Rule 11 is discretionary, right? The 21 safe harbor day is explicitly required in Rule 11. And so Mr. Lay was sanctioned pursuant to both 5503, the Missouri Rule, and Rule 11. So while we don't have much cases to go for- And so Foley enforces the 21-day even though there was no withdrawal possible? Yes, and the cases that we cited in our brief that talk about, you know, when this situation happens, granted these are very complicated cases with procedural facts and timing is really important, but we cite to the Foley case, the Ritter case, the Letcher case, and in all of those times the case had been dismissed before or at the point where sanctions were sought and the person being sanctioned didn't have an opportunity to do anything about it. And you made a good point earlier when you talk about the pleading still pending against NationStar, but Mr. Lay had no notice or duty to do anything with respect to the pleading that remained pending against NationStar because at no point did they seek sanctions or notices. If he was trustee, he arguably did. Martin Lay did, but NationStar did not. And they didn't join the motion, which they were totally entitled to do. No, but the trustee's risk in the overall litigation was not necessarily gone if NationStar was- if the settlor or the trust was still a party, right? There's all kinds of breaching fiduciary duty claims, which your client could have and I'm sure would have asserted. Right, but the problem is that the claims that were asserted against the movement had been dismissed, so there was nothing for Mr. Lay to do with respect to Martin Lay. What Martin Lay asked him to do- Was there still risk? I'm sorry, was there still risk? Did the trustee still have risk in what was remaining of the case? Well, they had been dismissed at that point, so- You're- you don't understand what I'm talking about? The risk a trustee has when the trust is in litigation? I mean, you mean like the note being litigated about still- I mean, they still had an interest in the litigation, of course, but there were no live allegations remaining against Martin Lay. Well, if the trust is found liable, the next lawsuit your client would have filed is against the trustees for breach fiduciary duty to allow the trust to become liable. I've seen more cases like that in quite a few years on the bench than you can imagine. Sure. Your Honor, I see I'm out of time, and I've been out of time for a bit, so- I understand your point. Thank you. Mr. Fritzland? May it please the Court? Your Honor, I think that the Court is correct that this inquiry can stop right here because there is no requirement in Rule 11 about when the safe harbor letter should be served. It's left to the district court's discretion on a case-by-case basis. That's number one. Number two, there's no cases in this circuit that say otherwise. Number three, the district court found that Mr. Lay waived that argument by not addressing it in four briefs or in his testimony before the court, instead deciding to raise that for the first time in a motion to vacate or amend. I'm going to ask you about your assertion that there is no time requirement in Rule 11. It says the motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper or claim is withdrawn or appropriately corrected within 21 days after service. That's called the safe harbor provision. Isn't that a time requirement? Your Honor, the time requirement is very clear as far as the number of days, but what happened in this case, as Judge Loken indicated, there was still very much risk. As we know from Ms. Caroncini and her practice on this very note, she had previously appealed to this Court seeking a reversal of a denial of remand motion. Well, I'm looking at the text of the rule. It doesn't talk about risk. It says that you can't file it if the challenged paper has been withdrawn or corrected. So that deals with what has actually been filed. And in this case, who was the only defendant left at the time the sanction motions was filed? That was Nation Star as servicer for the trust that held the ---- So how could they withdraw the challenged pleading as to someone who was already dismissed? Well, the comments to the rules give more guidance than just withdrawal or dismissal of the pleading. That doesn't end the inquiry. The court has indicated, or the cases indicate, that this can be raised even all the way to the end of the case, just as long as it's not final judgment of all issues. In this case, the risk of appeal was very much there. The fact that this could have been brought again in state court by Mr. Lay, which I'm absolutely certain he would have done, was also very much at risk. So what could he have done? And if that's the court's question, what could he have done? He could have cured the sanction by simply filing a motion to amend and withdrawing the offensive allegations. It's true that Nation Star didn't join in the motion, but that doesn't mean that he can't cure his defective pleading. It doesn't mean that he can't agree not to appeal the denial of remand. It doesn't mean that he could stipulate to the dismissal with prejudice of the claims against Martin Lay. Because at the point in time that this was transpiring, Martin Lay was very much at risk that it was going to be dragged back into the litigation, was very much at risk that there was going to be an appeal, and was very much at risk that if remand was reversed, it would be back in state court dealing with these same issues. So this was – Do you agree, counsel, that we're not dealing here with the inherent powers of the court to sanction – Correct. – but rather Rule 11? Yes. Yeah, this was not decided under the court's inherent power. There's no question, though, that the court could have imposed these sanctions under his inherent powers, right? The court could have. The court indicated it wasn't. Exactly. Yes. And so now we're stuck in Rule 11, right? And while there may have still been some risk, the question then becomes is, well, what did Gregory Lay do, right? When the letter was received, did – was any action ever taken that indicated that, hey, if this had been timely served, I would have withdrawn my motion. If there had been timely served, would I have – I would have amended my motion. I'm willing to forego my appeal on these issues. Anything that would have indicated at that point that he would have taken any ameliorative steps as a result of the notice letter? Absolutely not. And the reason why, and the court properly found, is when this case was – the day it was removed, Martin Lay filed a motion to dismiss in state court approximately 30 pages between the motion and suggestions, laying out the blueprint of why the conduct was sanctionable. And that was pending for almost a year before we got to the denial of the motion for remand. And then on the notice of removal, NationStar adopted and incorporated the 30-page motion to dismiss as part of its reasons why there was fraudulent joinder. And during that year period, Mr. Lay did nothing. He didn't seek to amend. He didn't seek to clarify. He didn't admit candidly to the court his error. What this represents is part of his modus operandi. Recall that in the transcript from a state court proceeding, he says, This is what I do. I sue the trustee so that I can stay out of federal court. I get my settlement, and then I wipe my feet on the doormat that they prepared. This is what happened here. So when he testified that he had seen the Carancini pleadings, I think that he was telling the truth. Because he knew that if this case was in federal court, he would have a problem with the law of the case and the prior fines. And it's what his client does. Pardon me? And it's what his client does. Yes. I mean, she had four or five show-me-the-note cases dismissed before this round even started. Absolutely. So we're looking at a rule, right? We've got the rule, and we've got this nonconduct in response to the notice that's given, right? And that tells the district judge something, right? The rule, the plain language of the rule, says within 21 days after service or within another time that the court sets, right? And in this case, the judge makes a decision and is presenting with the argument that the safe harbor rule has been violated. He says, no, it hasn't, blah, done. Makes credibility findings that are really quite strong. And we're on abusive discretion review, right? So if we look at all that, is that within another time the court sets broad enough to allow the filing of this motion for sanctions after dismissal? I would say, first of all, yes, it does. But I would go back to the initial point, Your Honors, that the court doesn't even need to get to this issue because it's been waived. And the district court found that it had been. So the court can affirm without having to wrestle with that. But if the court is inclined to look at whether or not he was on notice of the claims and whether or not he would have changed his behavior, I think the record's pretty clear that he wouldn't. In fact, when the court looks at how he litigated this case, when NationStar filed the motion, the motion, or the removal, when he filed his motion for remand, he, in fact, sought attorney's fees against NationStar, saying that the removal was spurious. In some of his pleadings addressing Martin Lay, he accused Martin Lay of forum shopping. It's projection at its greatest. This is exactly what he did. He was accusing others of the things that he was doing. He knew very good and well that he wasn't going to change anything. And keep in mind, too, that the letter that was delivered to him but not filed included the motion. So he had chapter and verse of every reason why this was sanctionable material. And it was addressed again before when Martin Lay filed the motion for summary judgment, put him on notice that these were frivolous claims, unsupported and false factual allegations, so that the indignation that Lay raises before this court is simply unsupported. With respect to the questions, I think, that the court asked about the date or the mistake in the court's order about whether the safe harbor letter was served on 2017 or was it in 2018, there was a typographical error. The letter was served in 2018. Well, counsel, it's more than just a typographical error to assert that it was, quote, just two months into the lawsuit. At most, it doesn't go to whether or not there was sanctionable conduct, Your Honor. What it goes to at most is mitigation. It's not a typographical error to discuss the date and then explain that it was just two weeks into the lawsuit. But the court explained it in his order, and he indicated, first of all, again, that that issue was waived. It didn't have to be brought up. It's just basically a repackaged timeliness argument. But the court went ahead and addressed it and said, no, this wouldn't have made any difference. The question, the ultimate question should be notice. And a letter is not the only way one can give notice. Correct. And to refer to what was, to refer to the notice that was given the year before as the letter was a mistake, you can call it typographical, you can call it characterizing, but it doesn't, in my view, drive this train. This is a notice, a fair notice rule. Your Honor, and I think that's exactly right. And what the comments to the 1993 amendment to Rule 11 clearly say is that there should be an informal notice given before a formal proceeding takes place. Martin Lay did everything it could to wave the red flag in front of the bull to let him know there's a problem here. This is a case that you've got adverse rulings of fact. The most odious of which. And then they had settlement discussions before the letter was sent, after the ruling, right? Well, there was a meeting. That's what it says in the briefs. I didn't read the record. What I recollect, there was a meeting between Mr. Lay and Martin Lay. It's not in the record. And then he participated in a mediation of Ms. Carancini's claims against Nation Star before he sought to withdraw from the case. And that would have also been an appropriate time to recognize that his claims had no merit. But he didn't do that. He never did. One thing we've learned and the record shows is that he will double down at every opportunity and will never retract, never back up. For example, one of the arguments before this court is that, in fact, his claims are still colorable. And he cites an article, I believe by Mr. Whaley, which is based upon the show me the note theory. And that theory has been rejected by the courts. And yet he still won't let it go. And so this is a case where the court doesn't need to be concerned with did he have an opportunity. He did. Even if he had timely raised the issue of Rule 11 or Rule 55, whether or not he had an opportunity to act, he did have an opportunity to act. And there were things that he could have done even then, even after Martin Lay had been dismissed as part of the order denying the motion for remand, that could have purged him of the sanctions. And he said, yeah, you know what, you're right. I'll file some withdrawal or some notice with the court. I'll agree not to appeal. I'll stipulate that the dismissal is with prejudice. But until those things happen. Counsel, which one of those options would square with the language of Rule 11? No, I disagree, Your Honor. Which one of those proposed options would comply with Rule 11? As I read Rule 11, Your Honor, it says that if the claim, defense, contention, or denial is withdrawn or appropriately corrected. This could have been corrected. Right, so again I ask, how could he correct something that had already been dismissed? Because it was a dismissal without prejudice, as we know from the Wavell case, that the denial of remand is only without prejudice. We were very much still in the case, as Judge Loken indicated. We were very much at risk. And as we know from Karen Cheney's practice, she probably would have appealed the denial of remand if he was still in the case. And so we were very much at risk that these issues were still going to be addressed, whether it be before the district court or whether it be back before the state court. And so as the court found, though, it really doesn't matter because this issue has been waived. So we don't need to get to it. And my summation on that would be simply, there's nothing specific in the rule that says the court didn't have the authority to do what it did. There are no ACIRCA cases or Missouri cases cited by Mr. Lay that say otherwise or say that this case should be reversed. He waived the issue, even if it was something that he could have brought up. And then, as we've shown, there were at least four or five opportunities before the safe harbor letter was sent where he was clearly on notice of his sanctionable conduct, and yet he chose to plow ahead. So for all those reasons, Your Honors, we would request that the decision of Judge Kaye's be affirmed. Unless there are any questions, I'll yield the rest of my time. Ms. Kahlberg, I'll give you a couple minutes for rebuttal. Thank you, Your Honors. Ms. Kahlberg, before you get started, I do have a question that you may wish to address, and that is the argument that there was a waiver, which the court found. Specifically, as I understand it, there was a filing made on November 30, 2018, related to the motion to dismiss sanctions, which is based on jurisdiction, did not raise the issue of timeliness. There was a May 16 brief in opposition to the motion for sanctions that did not raise the argument. There was a hearing on the motion for sanctions, during which no one raised the argument that it was untimely. And then only after the decisions made do we raise the issue, it's untimely. So why isn't a waived and abandoned defense? It's a good question, Your Honor, and thank you for the opportunity to respond. So while this argument wasn't specifically addressed identically, as it has been on appeal below, Mr. Ley did make the argument throughout the district court and the briefing that Martin Ley's motion was untimely. It did so in the motion to dismiss sanctions, which you talk about, where Mr. Ley argued that Martin Ley was on notice of the sanctionable conduct in 2017, yet waited until 2018. Again, in the reply in support of that motion, Mr. Ley argued that Martin Ley should have filed the motion in state court, and that it didn't follow the procedural requirements of Rule 11. Again, in the opposition to the motion for sanctions, after his motion to dismiss had been denied, he argued that Martin Ley should have sought it earlier, and again, in a post-hearing supplemental brief. And while I recognize that the argument he made below isn't the exact same that he's making on appeal here, this court can still entertain this argument because the issue itself wasn't waived. And that's a case, White's Co. v. Lloyds of London, an Eighth Circuit case from 2009, where the court said that the real question when dealing with waiver should be whether the party's new argument is such to raise a new issue. It would be in disharmony with one of the primary purposes of appellate review, were we to refuse to consider each nuance or shift in approach on appeal. So respectfully, I would submit that this issue wasn't waived. While the argument might be packaged a little differently here, Mr. Ley sufficiently preserved this issue by saying that Martin Ley's motion was untimely. And there's just one other thing I would like to address in response to my colleague. Judge Loken mentioned that the issue with Rule 11 and Rule 5503 is notice. And I just want to be clear that Rule 11 says that notice, I'm sorry, the committee notes to Rule 11 say that notice should be given promptly. And Martin Ley was aware of the sanctionable conduct as it contends back, you know, two weeks into the lawsuit in the state court. In fact, their attorney's fees that they were awarded for the pre-sanctioned conduct, pre-sanctions hearing conduct. So you're saying 10-5-17 was not prompt? So 10-5-18 was when we received notice. Now you're arguing notice quoting from the committee. Right. And I'm suggesting that the district court obviously saw the notice in real world terms coming on 10-5-17 even if it was not the 5503 letter. Sure. Well, the party must bring the notice for sanctions, as you just discussed, as promptly as possible. And Mr. Ley would submit that Martin Ley was on notice of the sanctions conduct, the sanctionable conduct, two weeks into the lawsuit when it started working on the motion for sanctions. And yet they didn't file the motion until a year later. And so for that reason, we submit that it was untimely. But you're saying the committee, when it says notice, it really means the motion. I think any motion. You can't look, even under abuse of discretion review, you can't look at anything but the document, the name on the document. Sure. I understand. I mean, that's what I'm, I can't interpret your argument any other way. And I don't think, well, you can read committee notes literally or whatever. Understood. Thank you, Your Honor. That's what we hear arguments about all the time. Absolutely. Thank you for your time this morning. Thank you. The case has been thoroughly briefed and well argued. Complex litigation, we'll take it under advisement.